IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDZEL ROBERT ALBINO,                §
                                    §
          Plaintiff,                §
                                    §
v.                                  §    CIVIL ACTION NO. 4:11-CV-02892
                                    §
CHARTIS INSURANCE COMPANY,          §
CHARTIS CASUALTY, THE               §
INSURANCE COMPANY OF THE            §
STATE OF PENNSYLVANIA,              §
                                    §
          Defendants.               §

MEMORANDUM AND ORDER

     Pending is Plaintiff Edzel Robert Albino's Motion to Remand

(Document No. 7).   After having considered the motion, response,

and applicable law, the Court concludes that Plaintiff's motion

should be granted.

I. Background

     This is a negligence case arising out of an automobile

accident.  Edzel Robert Albino ("Plaintiff") sued Chanzs Martin and

Gwenetta Williams, both Texas residents, as well as Defendants

Chartis Insurance Company, Chartis Casualty, and The Insurance

Company of the State of Pennsylvania ("the Chartis Defendants") in

the 12th Judicial District Court of Walker County, Texas.[1]   The

_____

     [1] See Document No. 1, ex. D at 1 (Orig. Pet.).

Texas residents defaulted and the Chartis Defendants moved to sever, which was granted.  The Chartis Defendants then removed this action based on diversity jurisdiction.[2]

Following severance and Defendants' notice of removal, Plaintiff timely filed a motion to remand on the basis of a procedural defect, citing 28 U.S.C. § 1447(c) and arguing that Defendants waived the right to remove the case to federal court by filing the motion to sever and otherwise participating in state court proceedings prior to the court's order granting their motion to sever.[3]  It is uncontroverted that the case satisfies the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332.

## II. Analysis

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is followed.  28 U.S.C. § 1441.  The removing party bears the burden of establishing that federal jurisdiction exists over the controversy.  Winters v. Diamond Shamrock Chem. Co., 149 F. 3d 387, 397 (5th Cir. 1998).  Any doubt about the propriety of the removal is to be resolved strictly in

---

[2] See id. at 1.

[3] See Document No. 7 at 2.

favor of remand.   *See* <u>Acuna v. Brown & Root Inc.</u>, 200 F. 3d 335, 339 (5th Cir. 2000); <u>Walters v. Grow Group, Inc.</u>, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Whether a party has waived its right to removal depends upon actions a party has taken in state court when it could have removed the case.   *See, e.g.*, <u>Certain Underwriters at Lloyd's v. Bristol-Myers Squibb Co.</u>, 51 F. Supp. 2d 756, 760-61 (E.D. Tex. 1999) (finding waiver where the party seeking removal had "significantly invoked the processes of the state courts and had ample opportunities to remove ... but chose not to do so.").   In order to establish waiver, a plaintiff must show that the defendants clearly and unequivocally waived their right to removal.   <u>Tedford v. Warner-Lambert Co.</u>, 327 F. 3d 423, 428 (5th Cir. 2003).   "[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."   <u>Id.</u> (rejecting Plaintiff's argument that Defendant's participation in the state court proceedings by filing a motion to transfer venue, moving for an entry of a confidentiality order, moving to consolidate, and filing special exceptions waived their right to seek removal once diversity was established).

Plaintiff argues that the Chartis Defendants waived their right to removal by seeking severance, filing answers, participating in discovery, and filing and responding to motions.[4]

---

[4] <u>Id.</u>

However, all of these actions took place prior to the order granting the motion to sever.   It was only after the motion to sever was granted that diversity was arguably achieved such that Defendants could seek removal to the federal court on the basis of diversity jurisdiction.   Plaintiffs point to no action taken by Defendants after their case was severed to invoke the state court's processes or otherwise burden the court.   Therefore, Defendants have done nothing to indicate that they waived their right to removal.

While Plaintiff's waiver argument fails, the Court may consider whether remand is appropriate in light of procedural issues not argued.   *See* Schexnayder v. Entergy Louisiana, Inc., 394 F. 3d 280, 283, 285 (5th Cir. 2004) (analyzing the language of 28 U.S.C. § 1447(c) and finding that it is permissible under the language of the statute for district judges to base a remand order on a procedural issue not argued in the motion); *see also* Thompson v. SMG, Inc., 2007 WL 3256588 at *3 (S.D. Tex. 2007); Marquis Acquisition, Inc. v. Steadfast Ins. Co., 2010 WL 2900339 at *3 (N.D. Tex. 2010).

The procedure for removal of a case from state to federal court is described in 28 U.S.C. § 1446.   The portion of the section relevant to this case states as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).   It is uncontroverted that Defendants have complied with both the thirty-day and one-year requirements.

There is also a long-established rule fashioned in caselaw apart from the explicit language of § 1446, that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir. 1967).   In Weems, the Fifth Circuit traced the formation of this "voluntary-involuntary" rule through a series of United States Supreme Court cases including Powers v. Chesapeake & O. Ry. Co., 18 S. Ct. 264 (1898); Whitcomb v. Smithson, 20 S. Ct. 248 (1900); Kansas City Suburban Belt Ry. Co. v. Herman, 23 S. Ct. 24 (1902); Great No. Ry. Co. v. Alexander, 38 S. Ct. 237 (1918); and American Car & Foundry Co. v. Kettelhake, 35 S. Ct. 355 (1915).   After considering also the legislative history of § 1446, and reading § 1446(b) in the light of previously developed caselaw, the Court held that the voluntary-involuntary rule was not affected by § 1446(b) and "remains part of today's applicable case law." Weems, 380 F.2d at 548.

Defendants argue that the case became removable based on an order by the state court granting Defendants' motion to sever, but have not shown that Plaintiffs voluntarily took any action to cause the case to become removable. *See* <u>Miller v. Fulton</u>, 113 F. Supp. 2d 1035, 1040-41 (S.D. Miss. 2000) (citing <u>Weems</u> and granting plaintiff's motion for remand based on the voluntary-involuntary rule where the plaintiff opposed the defendants' motion to sever). Defendants have not argued that their state court severance motion was agreed and in fact represent that "the parties had a hearing on the Motion for Severance." Because the action was not removable when it was commenced, nor has Defendant shown that Plaintiff took any action to render it removable, the voluntary-involuntary rule applies. Moreover, any doubt as to the propriety of the removal must be resolved in favor of remand. *See* <u>Walters v. Grow Grp.,</u> <u>Inc.</u>, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

## III. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 7) is GRANTED, and this case is REMANDED to the 12th Judicial District Court of Walker County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 12th Judicial District Court of Walker County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26TH day of September, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE